Cathy BURGESS, Plaintiff—Appellant,

v.

ALAMEDA HOUSING AUTHORITY;
County of Alameda, Defendants—
Appellees.

No. 03–15235.
D.C. No. CV–01–04098–MJJ.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 13, 2004.

Decided May 3, 2004.

Maureen E. Laflin, Ryan Peck, Legal Aid Clinic, Moscow, ID, for Plaintiff–Appellant.

Cathy Burgess, Tyler, TX, pro se.

Larry E. Lulofs, Morton Lulofs & Wood, Oakland, CA, for Defendants–Appellees.

Before T.G. NELSON, W. FLETCHER, and BERZON, Circuit Judges.

## MEMORANDUM *

Plaintiff Cathy Burgess, appearing pro se, brought this damages action against the Alameda County Housing Authority (ACHA). Burgess alleges that because the ACHA failed to transfer her Section 8 paperwork to Concord County Housing Authority on a timely basis, she and her two children were unable to secure housing and consequently became homeless for over a year. She appeals, now with counsel, from the district court's dismissal of her case.

We affirm in part and reverse in part. Because the facts are familiar to the parties, we recount them only as necessary to explain our decision.

### I.

The district court dismissed Burgess's case on January 28, 2003, stating that the "[m]ore definite statement" she had filed "cannot be interpreted, even with the liberality accorded to pleadings of *pro se* litigants, as an adequate complaint."

ACHA argues the district court dismissed under Rule 41(b) of the Federal Rules of Civil Procedure. Neither party moved for dismissal under Rule 41(b), however. Nor did the district court mention Rule 41(b) in its order, consider the factors applicable to dismissal under Rule 41(b), or otherwise indicate that the dismissal was a sanction for failing to follow a court order, rather than for failure to state a claim after having been given an opportunity to do so. *Cf. Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1063 (9th Cir. 2004) (noting that a Rule 41(b) dismissal "is a sanction, to be imposed only in extreme circumstances") (internal quotations and citation omitted).

We therefore consider the district court's dismissal to be premised on the failure to state a claim under Rule 12(b)(6)

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

and review de novo the January 28, 2003, dismissal, as we do the court's earlier dismissal of October 31, 2002. *See Transmission Agency of Northern California v. Sierra Pacific Power Co.,* 295 F.3d 918, 927 (9th Cir.2002). We are mindful that "allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers." *Noll v. Carlson,* 809 F.2d 1446, 1448 (9th Cir.1987); *see also Haddock v. Bd. of Dental Examiners of California,* 777 F.2d 462, 464 (9th Cir. 1985) (explaining that pro se civil rights complaints should be liberally construed).

## II.

■ Burgess asserts claims against the ACHA under 42 U.S.C. § 1983 for violations of her equal protection and due process rights.[1] She has failed to allege that the equal protection and due process violations resulted from an official policy, practice, or custom. Because the only defendant she has named is ACHA, a local government entity, these claims may not proceed in the absence of such an allegation. *See Monell v. Dep't of Social Servs. of the City of New York,* 436 U.S. 658, 690–92, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). We therefore affirm the district court's dismissal of these claims.

■ We affirm the district court's dismissal of Burgess's equal protection claim for the additional reason that she has not adequately alleged that ACHA discriminated against her *because of* her membership in a protected class. *See Lee v. City of Los Angeles,* 250 F.3d 668, 686 (9th Cir.2001).

■ With respect to Burgess's due process claim that the procedures for ex-

tensions and appeal are constitutionally inadequate, we affirm the district court's dismissal for the additional reason that Burgess has not alleged a constitutionally protected property interest. Burgess is unable to claim an entitlement to a further extension of her Section 8 voucher, as such extensions were discretionary under the regulations in effect at the time Burgess that made her request. *See* 24 C.F.R. § 982.303(b)(1) (1999) ("*At its discretion* the [housing authority] may grant a family one or more extensions of the initial term ... [which] may not exceed a total period of 120 calendar days from the beginning of the initial term") (emphasis added); 24 C.F.R. § 982.303(b)(2) (1999) ("The HUD field office *may* approve an additional extension of the term" to accommodate a disabled voucher holder beyond a 120–day extension) (emphasis added). The regulations thus established no legitimate expectation, much less a right, to the granting of an extension. *See, e.g., Board of Regents v. Roth,* 408 U.S. 564, 577, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972) (explaining that to possess a property interest in a benefit, an individual must possess "a legitimate claim of entitlement to it.").

## III.

In dismissing Burgess's Fair Housing Act claim without leave to amend, the district court erroneously stated that the statute "only prohibits discrimination because of race, color, religion, sex, familial status, or national origin." Title 42 U.S.C. § 3604(f)(1) of the Fair Housing Amendments Act (FHAA) makes it unlawful "[t]o discriminate in the sale or rental, or to otherwise make unavailable or deny, a

---

1. We note that the district court erred in considering Burgess's constitutional claims separately from her 42 U.S.C. § 1983 claims, as § 1983 supplies the cause of action for the

former. *See Gonzaga Univ. v. Doe,* 536 U.S. 273, 285, 122 S.Ct. 2268, 153 L.Ed.2d 309 (2002).

dwelling to any buyer or renter because of a handicap of—(A) that buyer or renter." The statute further provides that "discrimination" includes "a refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling." 42 U.S.C. § 3604(f)(3)(B). *See Giebeler v. M & B Assocs.*, 343 F.3d 1143, 1146–47 (9th Cir.2003).

■ Burgess's complaint, construed liberally, alleges that the ACHA failed reasonably to accommodate her disability when it denied approval of a second voucher extension. Her complaint alleges that "plaintiff was disabled and the defendants knew this and the defendants knew that the Plaintiff would need more time than the normal person, because she is often sick and sometimes unable to do much of anything."

To state a claim of disability discrimination, a plaintiff must allege some disability that would meet the statutory requirements. *See id.* at 1147 (explaining that, to establish a claim of disability discrimination under the FHAA, a plaintiff must show that she suffers from a handicap as defined by the statute); *see also* 42 U.S.C. § 3602(h). Section 3602(h)(1) defines a disability as "a physical or mental impairment which substantially limits one or more of [her] major life activities." In alleging that she is "often sick" and that she is at times "unable to do much of anything," Burgess has adequately alleged, though barely, that she suffers from a physical impairment that substantially limits a major life activity.[2]

Burgess's allegations put ACHA on notice of her contention that the housing

agency unlawfully refused to accommodate her disability by approving a second extension. *See Edwards*, 356 F.3d at 1062–63; *see also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002). We therefore conclude that Burgess's allegations are adequate to state a claim for failure to accommodate her disability under the Fair Housing Act. Accordingly, we reverse the district court's dismissal of this claim.

## IV.

Burgess next asserts claims under the Americans With Disabilities Act (ADA). For the reasons discussed in part III above, Burgess adequately states a claim that ACHA failed to reasonably accommodate her disability under Title II of the ADA, 42 U.S.C. §§ 12131 and 12132, applicable to state and local government programs.

Burgess also brings a claim for retaliation under the ADA, 42 U.S.C. § 12203, alleging that "[t]he plaintiff believes that the los[s] of her housing might be or is related IN PART to her asking for and requesting ADA restorations from the County of Alameda over their customs and policies." This allegation is unintelligible. As such, it fails to provide sufficient notice to ACHA of the protected activity in which Burgess is alleged to have engaged.

■ Burgess's complaint does state elsewhere that she requested from the ACHA reviews of the rent in Alameda County and of the amount of subsidy she was entitled to receive. However, it is unclear from the complaint what connection her requests had to do with any rights protected by the ADA. Because her complaint fails adequately to allege that she

---

2. Although her appellate counsel asserts additionally that Burgess has difficulties with her vision, arms, and hands, neither her com-

plaint nor her more definite statement so alleges.

engaged in any protected activity and thus does not provide sufficient notice of the basis for her claim, we affirm the district court's dismissal.

## V.

The district court dismissed Burgess's state law claims because she failed to allege compliance with California's notice of claim requirement. *See* Cal. Gov.Code § 911.2; *see also* Cal. Gov.Code § 915 (explaining how notice may be given); *Dujardin v. Ventura County Gen. Hosp.*, 69 Cal.App.3d 350, 138 Cal.Rptr. 20, 22 (1977) (compliance with California claim filing requirements must be pled in the complaint in order to state a claim). After the district court dismissed these claims, however, the California Supreme Court granted review of the question whether a plaintiff's failure to comply with the claim filing requirements of Cal. Gov.Code § 900 et seq., or to plead facts excusing compliance, is an element of the claim, so that failure to allege compliance can be raised on demurrer. *See State of California v. Superior Court*, 134 Cal.Rptr.2d 51, 68 P.3d 344 (2003). On remand, the district court should either await the California Supreme Court's decision in *State of California* or, alternatively, allow the otherwise adequate state law claims in the complaint to proceed, subject to any meritorious defense for failure to file a required notice of claim.

For the reasons stated in parts III and IV above, Burgess's complaint is sufficient, on the merits, to state claims of failure reasonably to accommodate her disability pursuant to the Unruh Civil Rights Act, Cal. Civ.Code §§ 51 and 51.5, and the Fair Employment and Housing Act (FEHA),

Cal. Gov.Code § 12900 et seq. *See* Cal. Gov.Code §§ 12926.1(a) (explaining that the ADA provides "a floor of protection"); Cal. Civ.Code § 51(f) (providing that a violation of the ADA shall constitute a violation of the Unruh Civil Rights Act); *Walker v. City of Lakewood*, 272 F.3d 1114, 1131 n. 8 (9th Cir.2001) (noting that FHAA and FEHA claims are analyzed under the same standards).

■ Burgess's claims for personal injury, infliction of emotional distress, breach of good faith, and negligence all allege that the ACHA's failure to transfer her paperwork was negligent and caused her injury.[3] As the California Supreme Court recently reiterated in *Eastburn v. Reg'l Fire Prot. Auth.*, 31 Cal.4th 1175, 7 Cal.Rptr.3d 552, 80 P.3d 656 (2003), "[t]he California Tort Claims Act provides that '[a] public entity is not liable for an injury,' '[e]xcept as otherwise provided by statute.'" *Id.* at 554 (citing Cal. Gov.Code § 815(a)). California Government Code § 815.2(a) declares public entities liable for the acts or omissions of their employees if the act or omission would give rise to a cause of action against that employee. Burgess may therefore bring suit against the ACHA for the negligent failure of its employees properly to handle her paperwork. Construing her complaint liberally, Burgess has adequately put ACHA on notice of the gravamen of her negligence claim.

We affirm the district court's dismissal of Burgess's claim for assault and battery because her complaint has not described any conduct on the part of ACHA that could possibly constitute an assault or battery. *See* Cal.Penal Code §§ 240, 242.

---

3. Cal. Gov.Code § 814.4 immunizes public entities from liability from injury caused by the denial, suspension, or revocation of a license, certificate, or other authorization where the entity or its employee is authorized by enactment to make such a determination. The parties have not briefed the question whether this provision applies to the decision not to approve the extension of her Section 8 voucher, and we therefore do not reach it.

## VI.

We affirm the district court's dismissal of the remainder of Burgess's claims for the reasons given by the district court.

Finally, we do not preclude Burgess from seeking to cure, to the extent she is able, any deficiencies we have identified. Costs on appeal are awarded to the appellant.

AFFIRMED IN PART, REVERSED IN PART, and REMANDED.